PEOPLE *v.* BOWEN.

1. Criminal Law—Murder—Felony-Murder Rule—Perpetration of Robbery.

An accomplice of a murderer is guilty of first-degree murder under the felony-murder rule if he entered into a felony with contemplation, actual or implied, that resistance from citizens or police officers could be expected (CL 1948, § 750.316).

2. Same—First-Degree Murder—Perpetration of Robbery.

Plea of lack of intent to murder, or of agreement with accomplice not to injure anyone in the course of planning armed robbery, is not defense to charge of felony-murder against defendant because of killing done by an accomplice in the robbery, if defendant intended to commit robbery and clearly contemplated that any resistance by a victim would be met by defendant's violence (CL 1948, § 750.316).

3. Same—Robbery—Perpetration.

Murder of police officer at scene of bank robbery where money had already been taken *held,* to be committed during perpetration of a robbery since the contemplated robbery included escape which had not yet been carried through; therefore the robbers are guilty of first-degree murder (CL 1948, § 750.316).

Appeal from Cass, Hadsell (Philip A.), J., presiding. Submitted Division 3 May 8, 1968, at Mar-

---

References for Points in Headnotes
[1-3] 40 Am Jur 2d, Homicide § 72.

quette. (Docket No. 2,593.) Decided July 24, 1968. Leave to appeal denied April 15, 1969. See 381 Mich 814.

Roy Bowen was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John T. Hammond,* Prosecuting Attorney, and *Harry J. Creager,* Assistant Prosecuting Attorney, for the people.

*James L. Colman,* for defendant.

FITZGERALD, P. J. The "felony-murder" rule in Michigan is found at CL 1948, § 750.316 (Stat Ann 1954 § 28.548). It reads as follows:

"All murder which shall be perpetrated by means of poison, or lying in wait, or any other kind of wilful, deliberate and premeditated killing, or *which shall be committed in the perpetration, or attempt to perpetrate any arson, rape, robbery or burglary, shall be murder of the first degree,* and shall be punished by solitary confinement at hard labor in the state prison for life." (Emphasis supplied.)

The rule supports a conviction of first degree murder against an accomplice of the murderer, if the accomplice entered into the felony with the contemplation, actual or implied, that resistance from citizens or police officers could be expected. See *People* v. *Podolski* (1952), 332 Mich 508.*

---

* The defendant bank robber was convicted of first-degree murder when a police officer accidentally was killed by the bullet of another officer, since the defendant, by engaging in a dangerous felony with a dangerous weapon, contemplated resistance. Also, see *People* v. *Austin* (1963), 370 Mich 12, on convicting an accomplice of murder where his partner was justifiably killed by the victim of the crime. The felony-murder rule was not applied despite the vigorous dissent of Justice DETHMERS. Nevertheless, the basic rule applies *to the* case at bar where the act was clearly one of "murder".

Defendant was convicted of first-degree murder by a patent application of the felony-murder rule to him as an accomplice as the result of the fatal shooting of a police officer by his partner when the 2 men were attempting to escape from a bank in Benton Harbor where they had just committed a robbery. The murder took place inside the bank. However, defendant urges this Court to accept the claimed fact that the felons had discussed the matter of shooting while planning to rob the bank and that they had agreed not to injure anyone, thus negating any intent on the part of the defendant to participate in bloodshed. The theory advanced is that the act of the murderer was separate and independent of any action by the defendant. It is also alleged that the statute does not apply to defendant for the robbery was not being perpetrated, being fully "consummated" prior to any shooting. We are not concerned here with defendant's plea of lack of intent to murder. If he intends to commit a robbery, and clearly contemplates a violent reaction by him to any resistance by a victim, then the rule will apply to him if a murder occurs at the hands of his accomplice. See *People* v. *Podolski, supra; People* v. *Utter* (1921), 217 Mich 74; 12 ALR2d 210. The exact contemplations of this defendant are best shown by the testimony of witnesses in the bank who heard him urge his partner to "shoot", and by his own use of a lethal weapon in wounding another police officer. In any case, all that is necessary is that the defendant undertook the robbery with the intent to commit a felony, not necessarily to commit murder. Defendant's claim that the robbery was not being perpetrated at the time of the shooting is also without merit. The definition of "perpetrate", as given in Webster's 3rd New International Dictionary, p 1684, is: "1a. To be guilty of (as a crime, an offense); * * * b. To carry through."

Defendant, by his own admission, was guilty of the crime of robbery, and since the defendant and his partner were still in the bank it cannot be said that the entire contemplated robbery, which would include escape, was as yet carried through.

Affirmed.

J. H. GILLIS and McGREGOR, JJ., concurred.