PEOPLE v. GOREE

1. CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—INADMISSIBLE CONFESSIONS.

A defendant's inadmissible statements and confessions may not be used to impeach the defendant's testimony.

2. CRIMINAL LAW—CONSTITUTIONAL RIGHTS—HARMLESS VIOLATION—APPEAL AND ERROR.

An appellate court can hold a violation of a Federal constitutional right harmless if it is able to declare a belief that it was harmless beyond a reasonable doubt, because not all trial errors which violate the constitution automatically call for reversal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 685 et seq.
[2] 5 Am Jur 2d, Appeal and Error § 873 et seq.
[3] 40 Am Jur 2d, Homicide §§ 539, 540.
[4] 40 Am Jur 2d, Homicide §§ 27 et seq., 72.
[5] 46 Am Jur, Robbery § 6.
[6] 53 Am Jur, Trial §§ 219, 271.

3. HOMICIDE—MURDER—PREARRAIGNMENT STATEMENTS—ADMISSIBIL-
   ITY—IMPEACHMENT—HARMLESS ERROR.

> Allowing prosecutor to use prearraignment statements made by
> the defendant concerning the caliber of shells he had in the
> defendant's trial for first-degree murder without first having
> determined the statements' admissibility was error, but only
> harmless error, where eyewitnesses testified to the evidence of
> the crime and both the defendant and his codefendant testified
> that they had committed an armed robbery and that during
> their arrest a police officer was mortally wounded in a struggle.

4. HOMICIDE—MURDER—FELONY-MURDER—ACCOMPLICES.

> All the codefendants are guilty of first-degree murder, if during
> the perpetration of an armed robbery a killing occurs at the
> hands of one of the felons or someone acting in concert with
> him or in furtherance of a common objective or purpose.

5. ROBBERY—CRIMINAL LAW—ESCAPE—CESSATION OF CRIME.

> Getting away with the contraband obtained in an armed robbery
> is an essential to the execution of the armed robbery as the
> theft itself; the escape ceases to be a continuous part of the
> original felony when the escaping felon reaches a point of
> at least temporary safety or is subject to "complete" custody.

6. ROBBERY—CRIMINAL LAW—SURRENDER—INSTRUCTIONS TO JURY.

> Instruction to the jury that a surrender must be complete and
> continuous and that one cannot surrender and then change his
> mind was proper in a criminal trial where one of the issues
> was whether a policeman had been shot during the escape
> which is a part of an armed robbery or after the defendants
> had surrendered and thus terminated the perpetration of the
> robbery.

Appeal from Kent, John H. Vander Wal, J.
Submitted Division 3 October 8, 1970, at Grand
Rapids. (Docket No. 7876.) Decided February 16,
1971.

Denver Maxwell Goree, Jr., and Marvin Leonard
Holden were convicted of first-degree murder. De-
fendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*Roach, Twohey & Benson,* for defendants on appeal.

Before: Holbrook, P. J., and R. B. Burns and J. J. Kelley, Jr.,* JJ.

R. B. Burns, J. Defendants Goree and Holden were convicted by a jury of first-degree murder. MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).

Immediately prior to their trial the circuit judge held a *Walker* hearing to determine the admissibility of several prearraignment and postarraignment statements.[1] The postarraignment statements were ruled inadmissible. The trial judge deferred ruling on admissibility of the prearraignment statements and actually never made a ruling. The prearraignment statements were not introduced during the prosecutor's case in chief. It was not until cross-examination of both defendants that the prosecutor was permitted, for purposes of impeachment, to ask questions concerning the prearraignment statements. These statements were injected into the questions and thus were before the jury. Defendants contend the trial court erred when it permitted the prosecution to use these statements at their trial.

*People* v. *Marsh* (1968), 14 Mich App 518, and *People* v. *Hosack* (1969), 16 Mich App 552, held that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] A *Walker* hearing requires the trial judge to conduct, on a separate record out of the jury's presence, an evidentiary hearing to determine the voluntariness of statements made by the accused. *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331; *People* v. *Wright* (1967), 6 Mich App 495.

inadmissible statements and confessions may not be used to impeach testimony of the accused. The trial court erred by allowing the prosecutor to use the statements for impeachment purposes.

However, *Chapman* v. *California* (1967), 386 US 18 (87 S Ct 824, 17 L Ed 2d 705), *reh den* 386 US 987 (87 S Ct 824, 17 L Ed 2d 705), and *Harrington* v. *California* (1969), 395 US 250 (89 S Ct 1726, 23 L Ed 2d 284), both held that although some constitutional rights are so basic to a fair trial that infractions of these rights can never be treated as harmless error and are causes for automatic reversal, not all trial errors which violate the constitution automatically call for reversal; that an appellate court can hold a violation of a Federal constitutional right harmless if it is able to declare a belief that it was harmless beyond a reasonable doubt.

Three questions were asked defendant Goree which concerned the prearraignment statements not ruled upon by the trial judge. The questions and answers were:

*"Q.* You told Officer Freeman you were just driving around at the time you got arrested, didn't you?
*"A.* That is right.

\* \* \*

*"Q.* Did you tell Officer Freeman that the shells didn't come with the gun that you thought the gun was a .32 caliber that you just picked up some shells and they happened to fit?
*"A.* No, I may have said it but I don't know about calibers.

\* \* \*

*"Q.* Did you tell Officer Freeman that you didn't have shells for the gun that came with the gun but that you just found some and put them in the gun?
*"A.* I may have said that sir, but at the time when I talked to Mr. Freeman, at the time and I was ner-

vous and like I said at that time, how I got the shells that came with the gun, pawned to me and they were .25 shells, they fit the gun that was pawned to me for $10."

Besides eyewitnesses testifying to the evidence of the crime both defendants took the witness stand and testified in effect that they had entered the Stocking Food Market and committed an armed robbery. After they left the market and were driving the car away they were followed by a police car and pulled over to the curb. During the arrest there was a struggle and a police officer was shot. As a result of the injury he died.

The error was harmless beyond a reasonable doubt. The defendants had a fair trial.

Defendants also urge that it was reversible error for the court not to instruct the jury, as requested, that statements made by one of the defendants outside the hearing of the other may not be considered against the other.

Unlike the facts in *Bruton* v. *United States* (1968), 391 US 123 (85 S Ct 1620, 20 L Ed 2d 476), and *People* v. *Shirk* (1970), 383 Mich 180, in the instant case both defendants took the witness stand and were subject to cross-examination by the other defendant. There was no violation of the Sixth Amendment.

In addition defendants did not make a timely objection to the failure of the trial court to instruct as requested and thus failed to preserve the point for appeal. GCR 1963, 516.2; *People* v. *Dexter* (1967), 6 Mich App 247.

Defendants' theory at trial level was that Officer Vonk was shot by one or both of the defendants after "perpetration" of the robbery and thus the felony-murder rule would not apply. If, during the

"perpetration" of an armed robbery, a killing occurs at the hands of the felon or someone acting in concert with him or in furtherance of a common objective or purpose, all the codefendants are guilty of first-degree murder. *People* v. *Austin* (1963), 370 Mich 12; *People* v. *Bowen* (1968), 12 Mich App 438. Bearing on whether the robbery was still being "perpetrated" when Officer Vonk was shot is the question of whether defendants had surrendered prior to the shooting. Defendants argued that the jury instructions on the definition of surrender were highly prejudicial in that they focused on the idea that surrender must be complete and continuous and that one cannot surrender and then change his mind. This Court has previously held that escape is part of the original felony (*People* v. *Bowen* [1968], 12 Mich App 438) because getting away with the contraband is as essential to the execution of an armed robbery as the theft itself. The escape ceases to be a continuous part of the original felony when the escaping felon reaches a point of at least temporary safety (*Campbell* v. *State* [Fla, 1969], 227 So 2d 873) or is subject to "complete" custody. *People* v. *Smith* (1921), 232 NY 239 (133 NE 574). Accordingly, the trial judge's definition of surrender was proper.

Next, defendants assign as reversible error that part of the jury instructions which state that the distinction between principal and accessory after the fact has been abolished. All the holdings of the Courts of this state, however sweeping their language, have dealt with only accessories before the fact. See *People* v. *Wycoff* (1907), 150 Mich 449; *People* v. *McKeighan* (1919), 205 Mich 367; *People* v. *Gould* (1968), 15 Mich App 83; *People* v. *Elmer Weatherspoon* (1967), 6 Mich App 233. However, in this case, the felony-murder rule was applied.

The jury determined that defendants were co-conspirators in the perpetration of an armed robbery and were jointly escaping at the time of the shooting.

Affirmed.

All concurred.