PEOPLE v WIMBUSH

1. HOMICIDE—FELONY MURDER—ELEMENTS.

The felony-murder statute requires the prosecution to establish that a homicide occurred, that the homicide is murder, and that the murder occurred in the perpetration or attempt to perpetrate one of the enumerated felonies; it is essential to show that there was in fact a murder and once that has been proved beyond a reasonable doubt, the statute frees the prosecution from the burden of showing premeditation, deliberation, and wilfulness (MCLA 750.316).

2. HOMICIDE—FELONY MURDER—INSTRUCTIONS TO JURY.

It is the law and the better rule that instructions in a trial for the offense of felony murder be molded to the particular facts of each case; where there is no evidence of any crime less than felony murder, the jury must be limited by the instructions to two possible verdicts: guilty of first-degree murder or not guilty; however, where the evidence will admit of a lesser offense, justice requires that the trial court be at liberty so to instruct the jury (MCLA 750.316).

3. HOMICIDE—FELONY MURDER—INSTRUCTIONS TO JURY—SECOND-DEGREE MURDER—MANSLAUGHTER.

The trial court in a felony-murder trial should not have instructed the jury as to second-degree murder where the defendant conceded that the deceased was killed during the perpetration of an armed robbery but claimed only that he was not a voluntary participant in the robbery, because there was no evidence to support a verdict of guilty of second-degree murder, and if the court on such facts had instructed as to manslaughter, it would only have compounded its error.

4. HOMICIDE—INSTRUCTIONS TO JURY—LESSER OFFENSES—PREJUDICE.

A trial court's error in instructing the jury in a felony-murder trial as to second-degree murder, where the evidence would only support a verdict of guilty of first-degree murder or not

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 40 Am Jur 2d, Homicide §§ 44–53.
[4] 40 Am Jur 2d, Homicide §§ 530–532.

guilty resulting in the defendant's conviction of second-degree murder does not require a reversal where the jury was emphatically instructed to acquit the defendant unless convinced beyond a reasonable doubt that defendant was a voluntary participant in the armed robbery which resulted in the death and the jury did not acquit, and thus defendant should have been convicted of murder in the first degree, but the jury decided to exercise compassion undoubtedly because defendant's accomplices had been allowed to plead guilty of second-degree murder; defendant can claim no prejudice, the miscarriage of justice, if any, was suffered by the people of the state.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 January 5, 1973, at Lansing. (Docket No. 12707.) Decided February 21, 1973. Leave to appeal denied, 390 Mich 770.

Carl E. Wimbush was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Sidney Kraizman,* for defendant on appeal.

Before: QUINN, P. J., and R. B. BURNS and C. J. BYRNS,* JJ.

R. B. BURNS, J. On July 8, 1970, a dairy in Detroit was robbed and the manager was killed. Defendant and two others were charged with felony murder. MCLA 750.316; MSA 28.548. Defendant's two accomplices pleaded guilty to second-degree murder. Defendant demanded a jury trial and was tried on a charge of felony murder. The jury

---

* Circuit judge, sitting on the Court of Appeals by assignment.

found defendant guilty of second-degree murder. MCLA 750.317; MSA 28.549.

Defendant admitted walking to the dairy in the company of Donnice McCullum and Cedric Graddy and entering the dairy accompanied by McCullum; Graddy waited outside. Defendant also admitted emptying the cash register. However, defendant claimed that he was unaware that either of his companions were armed or that either intended to rob the dairy. Defendant claimed that he went to the dairy merely to purchase a carton of milk and that he took money from the cash register only because McCullum pointed a gun at him and ordered him to do so. The prosecution disputed the defense of coercion.

Defendant asserts that three errors were committed below:

First, the trial court erroneously determined that defendant had waived his right to the assistance of counsel during custodial interrogation.

Second, the trial court's instructions to the jury in effect excluded from the jury's consideration defendant's claim of coercion.

Third, the jury should not have been instructed as to second-degree murder, even though the instruction was given at defense counsel's request. Defendant further claims if it was proper to instruct the jury as to second-degree murder it was error for the trial court to refuse to instruct them as to manslaughter.

I

Defendant voluntarily surrendered to the police in the late afternoon of July 18, 1970. The following morning he was interrogated for the first time. Immediately prior thereto, defendant was handed

a "Constitutional Rights Certificate of Notification" regularly used by the Detroit Police Department. After defendant had read the certificate and had had it read to him, he signed the certificate. Defendant then made a statement. The statement was transcribed by a police officer and signed by defendant. Subsequent to a *Walker* hearing, the statement was admitted into evidence over defendant's objection.

Defendant claims that merely signing the certificate did not constitute the type of waiver required by the *Miranda* decision. We disagree. This issue has been fully discussed in *People v Matthews,* 22 Mich App 619 (1970), *leave den,* 384 Mich 754 (1970).

## II

Defendant claims that the trial court, in effect, directed a verdict of guilty when it told the jury that "in this case there has been no claim of excuse or justification—no evidence of excuse or justification".

Jury instructions must be read in their entirety. *People v Dye,* 356 Mich 271, 279 (1959).

The statement to which defendant objects referred to the killing, not to the robbery. Had the jury been given only a perfunctory instruction as to the defense of coercion, the challenged instruction might have confused the jury. However, the jury was instructed at length as to the defense of coercion and they were meticulously led by the trial court through the reasoning necessary for a thorough evaluation of that defense.

## III

Recently, a panel of this Court held that hence-

forward "in a prosecution for felony murder * * * the trial judge is obliged to instruct the jury that its verdict shall be guilty of murder in the first degree or not guilty". *People v Bufkin*, 43 Mich App 585 (1972). We disagree that such is the law of Michigan or even a wise rule. There have been cases in which what appeared to have been a felony murder was less. A rigid rule, such as that announced in *Bufkin*, may allow an individual guilty of second-degree murder or manslaughter to escape conviction, or may tempt a jury to convict a man of a more serious crime rather than acquit him or properly return a verdict of guilty of homicide of a lesser degree than first-degree murder.

The murder statute, MCLA 750.316; MSA 28.548, provides in pertinent part:

"All *murder* * * * which shall be committed in the perpetration, or attempt to perpetrate any arson, rape, robbery, burglary, larceny of any kind, extortion or kidnapping, shall be murder of the first degree." (Emphasis supplied.)

It is clear from the statute that in order to convict a defendant on a charge of felony murder, the prosecution must establish: (1) a homicide (killing of a human being by a human being, which may or may not be felonious, *People v Austin*, 221 Mich 635, 644 [1923]); (2) that the homicide is murder (an unlawful homicide committed with malice aforethought, express or implied, *People v Potter*, 5 Mich 1, 6 [1858]); and (3) that the murder occurred in the perpetration or attempt to perpetrate one of the enumerated felonies. Thus, more must be shown than that one of the named felonies occurred, during the course of which a human being died. Even if a manslaugh-

ter should occur during the perpetration, or attempt to perpetrate one of the felonies specified by the statute, there would be no felony murder. It is essential to show that there was in fact a murder. Once that has been proven beyond a reasonable doubt, the statute in essence simply frees the prosecution from the burden of showing premeditation, deliberation, and wilfulness.

In *People v Carter,* 387 Mich 397, 422–423 (1972), a jury determined that defendants' theft of an automobile was the proximate cause of the deceased's fatal heart attack. The Supreme Court reversed because, under the peculiar facts of the case, a verdict of manslaughter would have been appropriate and the trial court should have so instructed the jury. The Court stated:

"In a criminal case, if there is a request to charge as to a lesser included offense, but there is no evidence of such a lesser included offense, or the facts are such that the court or the jury would be obliged to conclude that the defendant was guilty of the offense charged or not guilty, no charge as to a lesser included offense *need* be given.

"But if the evidence is subject to different interpretations that would justify a finding of a lesser offense, a charge as to such lesser offense, *especially if one is requested,* should be given." (Emphasis supplied.)

In *People v Andrus,* 331 Mich 535 (1951), defendants were convicted of manslaughter. The deceased had died as a result of a beating inflicted during a robbery of his store. Ordinarily, such a death would be a felony murder. However, because of the peculiar circumstances of the case, the Supreme Court agreed with the trial court that an instruction as to manslaughter was appropriate.

In *People v Treichel,* 229 Mich 303 (1924), the deceased was tied to his bed while his home was

burglarized. His restraints were the proximate cause of his death. The Supreme Court held that the evidence justified a conviction of manslaughter, as well as a conviction of murder in the first degree. Accordingly, defendants' convictions of manslaughter were affirmed.

In *People v Austin,* 221 Mich 635 (1923), defendants were charged with murder by poison. Although statute made murder by poison murder in the first degree, the Court held that, in that particular case, the jury also should have been instructed as to manslaughter.

The panel of this Court which decided the *Bufkin* case relied upon *People v Dupuis,* 371 Mich 395 (1963), as authority for the rule they adopted. We believe that such reliance was misplaced. The *Dupuis* decision does now appear to us to conflict with the *Treichel* line of cases. In the *Dupuis* case our Supreme Court held only that when a defendant is charged with violating MCLA 750.316, *supra,* when the evidence supports a finding of a felony murder and no lesser offense, and when the jury is instructed only as to felony murder, a finding of "guilty as charged" is a proper verdict and should be interpreted as a conviction of murder in the first degree. The Court did not hold that instructions as to, and conviction of, lesser offenses are always improper when the charge is felony murder. Furthermore, to the extent that there is any conflict between *Dupuis* and *Treichel,* we note that *People v Carter, supra,* was decided after *Dupuis.*

An attempt has been made to distinguish the *Treichel* decision from cases such as the instant one, on the ground that in *Treichel* the defendants were charged with common-law murder, not with felony murder. *People v Collins,* 380 Mich 131, 145

(1968) (dissenting opinion per T. M. KAVANAGH, J.). We do not think that such a distinction is significant. In *Treichel* the prosecution presented the case on the theory of felony murder only.

We think it the law and the better rule that instructions be molded to the particular facts of each case. When there is no evidence of any crime less than felony murder, the jury must be limited to two possible verdicts: guilty of first-degree murder, or not guilty. However, when the evidence will admit of a lesser offense, justice requires that the trial court be at liberty to so instruct the jury. See *People v Carter, supra,* 422–423, fns 3, 4.

In this case there is no evidence to support a verdict of guilty of second-degree murder or manslaughter. Defendant conceded that the deceased was killed during the perpetration of an armed robbery. He claimed only that he was not a voluntary participant in that robbery. Accordingly, the court should not have instructed the jury as to second-degree murder. *People v Repke,* 103 Mich 459 (1895). If the court had instructed as to manslaughter, it would only have compounded its error.

At trial the prosecution called defendant's accomplices to the stand. Each admitted having pleaded guilty to second-degree murder, and each refused to answer any questions. Not only did defendant's counsel not object to placing the accomplices on the stand, he welcomed their limited testimony. Although defense counsel presented no written proposed instructions, he orally requested an instruction as to second-degree murder. It is obvious to us that defense counsel hoped the jury, out of a sense of fairness, would not convict defendant of a more serious crime than that of which the triggerman had been convicted. Ordi-

narily, a defendant is bound to counsel's trial strategy. However, since a trial court may not, under any circumstances, mislead a jury as to the applicable law, *People v Liggett,* 378 Mich 706, 714–715 (1967), we feel obliged to consider the consequences of the erroneous instruction.

Although it was error for the trial court to instruct the jury as to second-degree murder, defendant has not suffered. If there has been a miscarriage of justice, it has been suffered by the people of the State of Michigan.

In *People v Miller,* 96 Mich 119 (1893), the evidence produced by the prosecution, if believed by the jury, proved defendant's guilt of rape, and only rape. The jury convicted defendant of assault with intent to rape. The Supreme Court categorized such a conviction as illogical, but affirmed the conviction because it was to the advantage of defendant. See also *People v Martin,* 208 Mich 109 (1919); *People v Hoover,* 243 Mich 534 (1928); *People v Miller,* 28 Mich App 161 (1970).

In the instant case the jury was emphatically instructed to acquit defendant unless convinced beyond a reasonable doubt that he was a voluntary participant in the armed robbery which resulted in the deceased's death. Because the jury did not acquit defendant, we must conclude that the jury was convinced beyond a reasonable doubt that defendant was a voluntary participant in the robbery. Thus, defendant should have been convicted of murder in the first degree. However, the jury decided to exercise compassion, undoubtedly because defendant's accomplices had been allowed to plead guilty to second-degree murder. Defendant can claim no prejudice.

Affirmed.

All concurred.