PEOPLE v GRAVES

1. Homicide—Felony Murder—Lesser Included Offenses—Instructions to Jury.

   A defendant in a felony-murder prosecution is not entitled to jury instructions on lesser included offenses where there is no evidence on which a reasonable inference can be drawn supporting them.

2. Homicide—Felony Murder—Instructions to Jury.

   A trial court, in a prosecution for felony murder, is obliged to instruct the jury that its verdict shall be guilty of murder in the first degree or not guilty.

3. Homicide—Felony Murder—Perpetration of Robbery—Natural Consequences.

   The victim of a felony need not be the one who is murdered for a defendant to be charged with felony murder, provided that the murder occurs as the natural result of either the commission of the crime or escape from it; therefore, a defendant was properly charged with felony murder where the murder of the husband of a robbery victim was a natural consequence of the robbery because his presence in his wife's store was too close in time, a half hour or less, to be considered anything but a usual risk of the crime.

Appeal from Clinton, Leo W. Corkin, J. Submitted Division 3 December 6, 1973, at Grand Rapids. (Docket No. 15796.) Decided March 27, 1974.

William F. Graves was convicted of first-degree murder. Defendant appeals. Affirmed.

References for Points in Headnotes

[1–3] 40 Am Jur 2d, Homicide §§ 46, 216, 218, 219, 535.

Application of felony-murder doctrine where that felony relied upon is an includible offense with the homicide. 40 ALR3d 1341.

Absence of evidence supporting charge of lesser degree of homicide as affecting duty of court to instruct as to, or right of jury to convict of, lesser degree. 102 ALR 1019.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jon Newman,* Prosecuting Attorney, for the people.

*James R. Neuhard,* State Appellate Defender, and *Steven L. Schwartz,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

T. M. BURNS, P. J. Defendant William F. Graves was convicted by a jury of first-degree murder pursuant to MCLA 750.316; MSA 28.548. He was sentenced to life imprisonment and now appeals.

This action arises out of a robbery and murder that occurred on May 22, 1972, at the Hempsted Grocery Store in Clinton County, Michigan. The prosecution's evidence showed that at 11:30 a.m. on the day of the robbery and murder Mrs. Hempsted, a co-owner of the store, went into the store to wait on some men who had entered. While in the store she was struck upon the head, the blow temporarily causing her to lose her sight. When she heard that the men were unable to open the cash register, she, in her fear, aided them and gave them her ring as well. She was then struck upon the head again, the blow this time producing temporary unconsciousness.

When she regained consciousness, she saw her husband in the store with her assailants. She heard two shots fired by a gun and the men leave. After the men departed, she discovered that her ring was gone and that some money was missing from the cash register.

At trial, Mrs. Hempsted positively identified defendant and another man as two of her assailants. Three other prosecution witnesses corrobo-

rated Mrs. Hempsted's testimony insofar as they saw the store in a mess and Mr. Hempsted lying on the floor in a pool of blood. Mr. Hempsted died of gunshot wounds to the head inflicted by the robbers at the grocery store. Four witnesses identified defendant and another man as customers in a bar at about 11 a.m. on the day in question. The bar was located only a quarter of a mile from the Hempsted Grocery Store.

The issues raised by the defendant will be discussed and decided in the manner presented below.

First, the defendant contends that the trial court committed reversible error by instructing the jury that the only possible verdicts allowable in this felony-murder prosecution were guilty as charged or not guilty. We disagree.

Defendant claims that there was sufficient evidence to support a conviction of a lesser crime than first-degree murder. Defendant contends that the trial record is devoid of any evidence that the killing was either premeditated or part of the robbery plan, and that therefore an instruction on second-degree murder or voluntary manslaughter was required.

Defendant's theory is simply too tenuous to create grounds compelling an instruction on lesser included offenses. It is uncontested that one of the accomplices brought a gun to the scene of the crime. There was no evidence presented at trial that any of the robbers were unaware of this fact or that any attempt was made to discourage the use of the gun. As we interpret such facts, the felons most likely brought the gun to the scene of the crime to overcome resistance and/or eliminate witnesses. Under circumstances such as these, *People v Bowen,* 12 Mich App 438; 162 NW2d 911

(1968); *People v Goree,* 30 Mich App 490; 186 NW2d 872 (1971); and *People v Podolski,* 332 Mich 508; 52 NW2d 201 (1952), clearly state that a felony murder can properly be said to have occurred, and that it could be the only kind of murder involved.

A defendant in a felony-murder prosecution is not entitled to instructions on lesser included offenses where there is no evidence on which a reasonable inference can be drawn supporting them. *People v Hearn,* 354 Mich 468; 93 NW2d 302 (1958). The record in this case does not support defendant's contention that there was sufficient evidence to support a conviction of a lesser crime than first-degree murder. We find that the trial court did not err in its determination that there were no reasonable grounds for the jury to find defendant guilty of a lesser degree of the crime charged and that there was no evidence to support the theory that defendant was guilty of an included offense rather than murder in the first degree.

We find it necessary to point out that even if defendant's contentions were believed to be reasonable, he would still not be entitled to an instruction on lesser included offenses as well as to one on first-degree murder. While this Court has split on the question, *People v Bufkin,* 43 Mich App 585; 204 NW2d 762 (1972); *People v Wimbush,* 45 Mich App 42; 205 NW2d 890 (1973), it will suffice to say that this panel adheres to the view expressed in *People v Bufkin, supra,* that in a prosecution for felony murder, the trial court is obliged to instruct the jury that its verdict shall be guilty of murder in the first degree or not guilty.

Defendant next argues that the trial court erred in allowing him to be tried for a felony murder

when the murder was not committed upon the person robbed.

Defendant contends that the murder of Mr. Hempsted occurred after the robbery of Mrs. Hempsted was completed. Therefore, defendant claims that since the prosecution failed to show that the murder occurred in the perpetration of the robbery, he could not be tried for felony murder.

A thorough review of the record indicates that there is a great deal of evidence which contradicts defendant's contention. One of the robbers carried a gun that was used to murder Mr. Hempsted. It is not clear that all of the property that the robbers intended to steal was converted to their possession before Mr. Hempsted arrived on the scene. Regardless of that fact, the murder and robbery occurred within a short space of time, a half-hour or less. The robbers' actions indicate their determination to prevent any witnesses from surviving to testify about the crime. Mrs. Hempsted was undeniably robbed and the presence of the gun implies that the robbers were ready to violently meet any threats to their security.

The law is well settled that the victim of the felony need not be the one who is murdered. The murder victim could be an innocent bystander or an arresting officer provided that the murder occurs as a natural result of either the commission of the crime or escape from it. *People v Podolski, supra; People v Goree, supra; People v Bowen, supra.*

Under these circumstances, Mr. Hempsted's presence need not be explained to the degree of detail sought by appellant. The presence of someone other than Mrs. Hempsted in the store at the time of the crime was so likely that the robbers naturally could have expected it.

The murder of Mr. Hempsted was a natural consequence because his presence in the store was too close in time to the actual robbery to be considered anything but a usual risk of the crime. Therefore, the defendant was properly charged with first-degree murder.

Defendant's final assertion is that the trial court committed reversible error when it gave a *sua sponte* instruction upon defendant's failure to take the stand on his own behalf. This argument is wholly without merit.

The record reveals that the alleged *sua sponte* instruction was actually requested by defendant's trial counsel. Actually, the instruction given by the trial court was exactly the same instruction requested by defendant's trial counsel. Therefore the issue is entirely frivolous and merits no further consideration.

For the reasons delineated above, defendant's conviction is affirmed.

All concurred.