PEOPLE v AARON

PEOPLE v WHITSETT

1. Homicide—Murder—First-Degree Murder—Felony Murder—
   Lesser Included Offenses—Instructions to Jury—Evidence
   —Reasonable Inferences.

   No charge to a jury as to a lesser-included offense need be given
   where there is no evidence of the lesser offense presented or
   the facts are such that the court or jury would be obliged to
   conclude that the defendant was guilty of the offense charged
   or not guilty; therefore, no error was committed by a court in
   instructing a jury that the verdict in a felony murder trial
   should be murder in the first degree or not guilty where there
   was no evidence presented from which a reasonable inference
   of any other degree could be drawn.

2. Criminal Law—Prosecutor's Argument—Relationship to Evi-
   dence.

   The propriety of a prosecutor's remarks in closing argument is
   dependent upon all of the facts of the case; a statement cannot
   be taken out of context, and the prosecutor's remarks must be
   evaluated in light of the relationship or lack of relationship
   they bear to the evidence admitted at trial.

3. Appeal and Error—Instructions to Jury—Failure to Instruct
   —Preserving Question—Court Rules.

   No party may assign as error the giving or failure to give an
   instruction unless he objects thereto before the jury retires
   (GCR 1963, 516.2).

Appeals from Recorder's Court of Detroit, Mich-
ael J. Connor, J. Submitted June 2, 1975, at De-
troit. (Docket Nos. 20464, 20712.) Decided August
12, 1975. Leave to appeal applied for.

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 494.
[2] 75 Am Jur 2d, Trial § 211.
[3] 5 Am Jur 2d, Appeal and Error § 545.

Stephen Aaron, Jr., and Bernard Whitsett were convicted of first-degree murder. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William S. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Ronald P. Weitzman,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant Stephen Aaron on appeal.

*Kenneth A. Webb,* for defendant Bernard Whitsett on appeal.

Before: DANHOF, P. J., and R. B. BURNS and R. M. MAHER, JJ.

R. B. BURNS, J. Defendants were convicted by a jury of first-degree (felony) murder. MCLA 750.316; MSA 28.548. They appeal and we affirm.

The defendants did not take the witness stand and testify, and the plaintiff's testimony is uncontradicted. The testimony of one Johnnie Stanley, common-law wife of the deceased, George Dudley, established that the defendants went to Dudley's apartment and expressed the intention of killing Dudley. While waiting for Dudley to return home they took money and jewelry that was in the apartment. In addition, they took money from Lester and Jacqueline Ramsey who were visiting in the apartment.

When Dudley returned home the defendants shot him. He died as a result of the gunshot wounds.

Defendants requested the trial judge to charge

the jury on lesser-included offenses. The judge refused the request.

MCLA 750.316; MSA 28.548, provides in pertinent part:

"All murder * * * which shall be committed in the perpetration of, or attempt to perpetrate any arson, rape, robbery, burglary, larceny of any kind, extortion or kidnapping, shall be murder of the first degree".

MCLA 750.317; MSA 28.549 provides:

"Second Degree Murder—All other kinds of murder shall be murder of the second degree * * *."

The Supreme Court in *People v Carter,* 387 Mich 397, 418; 197 NW2d 57, 67 (1972), stated that "murder is an unlawful, malicious killing".

Therefore, for a defendant to be guilty of felony murder he must have committed a murder during the perpetration of his crime.

In *People v Utter,* 217 Mich 74, 88; 185 NW 830, 835 (1921), the Court stated:

"Defendant was charged with statutory murder, committed by acts and under circumstances declared by statutory definition to constitute murder in the first degree, to which the testimony was confined, with no evidence from which a reasonable inference of any other degree could be drawn. * * * Under the testimony in the case the court committed no error in instructing the jury that the verdict should be murder in the first degree, or not guilty."

This Court in *People v Wimbush,* 45 Mich App 42; 205 NW2d 890 (1973), held that instructions

should be molded to the particular facts of each case. The Court quoted on page 47 from *People v Carter, supra,* p 422, wherein Justice ADAMS said:

" 'In a criminal case, if there is a request to charge as to a lesser included offense, but there is no evidence of such a lesser included offense, or the facts are such that the court or the jury would be obliged to conclude that the defendant was guilty of the offense charged or not guilty, no charge as to a lesser included offense *need* be given.' " (Emphasis in *Wimbush.)*

In our opinion, the trial court in this case did not err by refusing to instruct the jury on lesser-included offenses.

Defendants also claim that the prosecutor committed error in his closing argument. The remark of the prosecutor must be read within the context in which it was made. *People v Cowell,* 44 Mich App 623; 205 NW2d 600 (1973). It is apparent that the prosecutor was responding to the suggestion of defense counsel that Johnnie Stanley was killed because she had killed George Dudley.

Lastly, defendants complain that the trial court erred in its instructions on three separate occasions.

Defense counsel did not object at trial. GCR 1963, 516.2 states:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires".

Defendants had a fair trial. No injustice has been perpetrated upon them.

Affirmed.