PEOPLE v SAMS

OPINION OF THE COURT

1. CRIMINAL LAW—EVIDENCE—WITNESSES—PRIOR INCONSISTENT
STATEMENTS.

A defendant's conviction should be reversed because a proper
foundation was not laid for the admission of a prior inconsist-
ent statement made by the defendant where the defendant was
prejudiced; the error was not cured by a later admission of the
entire document which contained the prior inconsistent state-
ment.

DISSENT BY D. F. WALSH, J.

2. CRIMINAL LAW—EVIDENCE—WITNESSES—PRIOR INCONSISTENT
STATEMENTS—CROSS-EXAMINATION—STATUTES.

*A prosecutor should not have cross-examined a defendant regard-
ing the contents of a prior written statement before the state-
ment was introduced into evidence; however, the defendant's
conviction should not be set aside where (1) defendant identified
his signature on the prior written statement, read the state-
ment, and offered his own explanation for discrepancies, (2) the
defendant was not prejudiced, and (3) there was no miscarriage
of justice (MCLA 769.26; MSA 28.1096).*

Appeal from Detroit Recorder's Court, Joseph A.
Gillis, J. Submitted June 1, 1976, at Detroit.
(Docket No. 25045.) Decided September 27, 1976. Re-
hearing granted Nov. 17, 1976.

Charles Sams was convicted of unarmed rob-
bery. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 343, 344, 358, 367.

Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Bolden & Blake, P. C.,* for defendant.

Before: QUINN, P. J., and D. F. WALSH and A. M. BACH,* JJ.

A. M. BACH, J. Defendant was charged with robbery not armed and found guilty. Defendant raises the objection that the proper foundation was not laid for the admission of a prior inconsistent statement made by defendant. This Court finds that a proper foundation was not laid and defendant was thereby prejudiced and it was not cured by a later admission of the entire document. *People v Dozier,* 22 Mich App 528, 531–532; 177 NW2d 694 (1970), *People v Goree,* 30 Mich App 490; 186 NW2d 872 (1971).

Reversed and new trial granted.

QUINN, P. J., concurred.

D. F. WALSH, J. *(dissenting).* I would affirm the trial court. The requirements of *People v Dozier,* 22 Mich App 528; 177 NW2d 694 (1970), apply only to oral statements. In this case the statements in question were in writing, and the writing was introduced into evidence. *Cf. Lightfoot v People,* 16 Mich 507 (1868), *Hamilton v People,* 29 Mich 195 (1874), *People v Plummer,* 37 Mich App 657; 195 NW2d 328 (1972).

It was improper for the prosecutor to cross-examine the defendant regarding the contents of his

---

* Circuit judge, sitting on the Court of Appeals by assignment.

statement before its introduction into evidence. *Lightfoot, supra,* at 512–513. In my judgment, however, the defendant suffered no prejudice as a result of this error since he had identified his signature, read the statement and offered his own explanation for the discrepancies. There being no miscarriage of justice the conviction should not be set aside. MCLA 769.26; MSA 28.1096.