■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIS BLOUNT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dubin, J.),

rendered November 22, 1983, convicting him of murder in the second degree (three counts), robbery in the first degree (three counts) and burglary in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was improperly deprived of a *Huntley* hearing regarding the admissibility of statements he made with respect to his involvement in the instant crime is without merit. The record reveals that both the prosecutor and the defendant's attorney, as well as the trial court, agreed that a prior *Huntley* determination, rendered in connection with a separate indictment, would be adopted as binding in this case. The defendant's statements in this case as well as those relative to the other case were made at the same time and under identical circumstances. Since both counsel agreed to abide by that prior *Huntley* determination which suppressed the defendant's videotaped statements but did not suppress his oral statements, a further hearing on this point was not required.

The defendant's further claim that the trial court erroneously denied his belated motion for a reopening of the *Huntley* hearing on the issue of whether he had been deprived of his right to counsel during the questioning in this case is similarly unavailing. Although the defendant's right to counsel in an unrelated rape case had attached upon the filing of the felony complaint in that case *(see, People v Samuels,* 49 NY2d 218, 221; *People v Settles,* 46 NY2d 154), he was not yet represented by counsel on the rape charge. In any event, law enforcement officials were not precluded from questioning the defendant in the absence of counsel on the instant charges *(see, People v Bing,* 76 NY2d 331; *People v Kazmarick,* 52 NY2d 322). Nor is there any merit to the defendant's claim that his arraignment on the unrelated rape case was strategically delayed so that he could be questioned in this case without the presence of counsel. The record reveals that the timing of the interrogation was fortuitously prompted by the identification of the defendant by a victim of an unrelated crime who had seen the defendant on television.

We also reject the defendant's claim that the proof of his guilt of felony murder was unsupported by legally sufficient evidence and against the weight of the credible evidence. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Gladman,* 41 NY2d 123;

*People v Miller,* 32 NY2d 157; *People v Smith,* 232 NY 239; *People v Irby,* 61 AD2d 386). Moreover, upon the exercise of our factual review power, we find that the weight of the evidence adduced at trial clearly establishes that the defendant and his cohorts were still engaged in the commission of the burglary when they stabbed their female victim to death (CPL 470.15 [5]).

We have examined the defendant's remaining claims and find them to be either unpreserved for our review or without merit. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.