PEOPLE *v.* LOCY.

INTOXICATING LIQUORS—REGULATIONS—REMOVAL OF SCREENS.

> On the prosecution of a saloon keeper for violation of 2 Comp.
> Laws 1897, § 5409, providing a penalty for failure to remove,
> during the time saloons are required to be closed, all curtains,
> screens, partitions, and other things that obstruct a view of
> the bar, it was proper to instruct the jury that the ordinary
> passer-by is entitled to a free and open view, from the street,
> of the interior of a saloon, without being obliged to stand
> on tiptoe, or crowd himself against the glass, to obtain it.

Exceptions before judgment from Mecosta; Palmer, J.
Submitted May 1, 1900.   Decided May 15, 1900.

John Locy was convicted of violating the liquor law
Affirmed.

*John T. Clark,* for appellant.

*A. B. Cogger,* Prosecuting Attorney, for the people.

MONTGOMERY, C. J. This is a prosecution for an
alleged violation of section 5409, 2 Comp. Laws 1897,
which provides that, during the time that places where
liquors are sold or kept for sale are required to be closed,
"all curtains, screens, partitions, and other things that
obstruct the view, from the sidewalk, street, alley, or road
in front of or at the side or end of said building, of the
bar or place in said room where said liquors are sold or
kept for sale, shall be removed."

The evidence on the part of the prosecution was sub-
stantially as follows: That the curtain in the north win-
dow was stretched across the entire window, so that a
person of ordinary height could not see beyond it, unless
he got up to the window, and stood on his tiptoes;
that the curtain in the south window was only partially
drawn across it; that a mirror stood crosswise of the

building, and immediately in front of the doors; that the mirror and partition west of it partially obstructed the view from the street to the bar and to the space in front of it; that the partition which divided the office from the rest of the building was a solid partition; that a person could not see at all from the alley running by the west end of the building into the part of the saloon where the bar was located, and where liquors were sold; that a person could not see in front of the bar at all; that a person could not see the bar at all from the south window; that a person could not see behind the bar at all. The evidence on the part of the defense tended to show that this mirror stood lengthwise of the building, so that a person looking through the glass of the doors of the saloon could look by this mirror and by the north end of the partition immediately west of it, and see the bar or place in said saloon where the business was carried on, and could see clear through the building; that a person might see through the passageway from the office, and in behind the cigar-case and bar. The undisputed testimony showed that the place in question was one where liquor was kept for sale, and that the respondent was, on the day in question (Decoration Day), the proprietor of the place.

No error is assigned upon the admission of testimony. No requests to charge were preferred by respondent's counsel. All the assignments are based upon the voluntary charge of the court. The material portions of the charge of the court were as follows:

"Something has been said about the purpose of this legislation. It is plain and patent. The public have a right to know whether the liquor law is being violated, so far as observation goes, at least, and therefore the legislature of this State enacted this law providing that when, by the law, such places must be closed, the ordinary passers-by can have an opportunity to see what is going on inside, if anything. If screens and obstructions were permitted to remain at the windows and doors or openings, it might be that on those prohibited days saloons might run, and business might be carried on, and the law violated, and the public, without going inside, would not

have a fair and free opportunity to determine whether or not the saloon was open for business on such a day. That is the purpose of the law. Now, the construction of this law must not be a strained construction, and it must not be a liberal construction. It must not bear either way. It must be a fair and honest application, as you would construe any other law; that is, you bring to bear your common sense, having heard the law read, and knowing just exactly what its provisions are; and, having heard the charge in this information, it rests with this jury to say, under the evidence in this case, whether these screens were so removed that the ordinary passer-by of this place of business, or one standing in front of it, had as free and fair and open a view of the interior of this place as he would have had if the screens had been removed entirely. You do not have to read between the lines of this statute to get at any hidden meaning. The language of the law is plain, and carries with it its exact meaning; so there are no technicalities and nothing complex surrounding the situation at all. The 30th day of May is a legal holiday. There is no question upon that point, and there is no question upon the point that the respondent is a saloon keeper, and was proprietor of the place in question upon the day in question. It would not be necessary that a person should go out of the usual traveled way to ascertain whether or not this screen law is being violated. He has a right to observe from the sidewalk or the street what is going on, if anything, inside of the saloon. He would not have to go into the doorway, or crowd himself against the glass, or stand upon his tiptoes, as one of the witnesses has said here, for the purpose of ascertaining whether or not any persons were inside of that saloon, or that any business was being carried on there. He would not have to go out of his way for that purpose. He would have a right, as he travels along the thoroughfare, to that same free, open view of the interior of the saloon, so far as these screens are concerned, that he would have, as I said a moment ago, if the screens were entirely removed. The sole purpose of the law is that, at the times when the public must be kept out of these places of business, the light must be let in. That is what the law means, and that is all it means. People have no right to go into these places on the 30th day of May, or on any other holiday, or on Sunday, but the law has given them the right to look in to see whether or not the provisions of the statute are being complied with. * * *

"The sole and only question is, Did these screens, or mirror, or partition obstruct the view of the ordinary passer-by? If any of them did that, so that there would not be that free, full view of the place where the liquors were sold, this respondent is guilty, regardless of intent; if the screens, partitions, and mirror were so placed as to give a full, free, fair view of the interior of this saloon, the place where liquors were sold, then he is not guilty, and should be acquitted; and the whole question turns on the position of the screens on that day, the 30th day of May. * * * I have tried to define the screen law to you so I think you understand it, and the sole question in the case is, What was the position of these screens and partition and mirror on that day? Were they so placed that any or all of them obstructed the view of the interior where the liquors were sold? If you find, under the instructions given you and the evidence, that they were, the respondent is guilty; if not, he is not guilty."

We think this charge is not open to the criticism made by the respondent's counsel. It might, perhaps, have been urged with some plausibility that portions of the instructions do not point out as clearly as might have been done that the screens or obstructions contemplated are such as obstruct a view of the bar or place in the saloon where liquors are usually sold; but no such point was made, doubtless for the reason that the evidence was directed to showing obstructions to the bar; nor are we prepared to say that, taken as a whole, the jury were misled in this particular.

The conviction is affirmed.

The other Justices concurred.