PEOPLE *v.* SMITH.

1. INTOXICATING LIQUORS—INFORMATION—SCREENS—LANGUAGE OF STATUTE.

An information under the liquor law (section 5409, 2 Comp. Laws) for failure to remove screens, etc., on Sunday, is sufficient where it follows the language of the statute, though in so doing it charges respondent with committing all the offenses enumerated in the section, and contains no specific allegations of the kind and nature of the obstructions complained of.

2. SAME—INSTRUCTIONS—REQUESTS—PROPRIETY.

In a prosecution for failing to remove screens, etc., from respondent's saloon on Sunday, in violation of section 5409, 2 Comp. Laws, requests embodying respondent's theory of what must be shown to authorize conviction, examined in

connection with the charge as given, and *held,* that the subject of the request was sufficiently covered by the general charge.

3. CRIMINAL LAW—INSTRUCTIONS—DUTY OF JURY.

Where counsel for respondent tells the jury that they are not bound by the law and the evidence, but have the right to render such a verdict as their consciences dictate, it is proper for the court to charge that they are bound to follow the instructions given them upon the law, and that if they render a verdict in defiance of the law and the evidence in the case they will be subject to a prosecution for perjury.

Exceptions before judgment from Muskegon; Russell, J. Submitted May 3, 1906. (Docket No. 155.) Decided September 20, 1906.

Andrew Smith and Joseph Hammerschmidt were convicted of violating the liquor law. Affirmed.

*F. W. Cook* and *W. J. Turner,* for appellants.

*George S. Lovelace,* Prosecuting Attorney, and *Charles B. Cross,* Assistant Prosecuting Attorney, for the people.

McALVAY, J. Respondents were convicted in Muskegon circuit court for a claimed violation of section 5409, 2 Comp. Laws, of the liquor law, upon an information charging:

"That they were proprietors of and kept a saloon where intoxicating liquors were sold at retail; * * * that on the 6th day of August, A. D. 1905, the same being the first day of the week, commonly called Sunday, and a day and time when, by the provision of Act No. 313, Pub. Acts 1887, said saloon was required to be closed, all the curtains, screens, partitions and other things that obstructed the view from the sidewalk and street and alley in front and at the side of the building in which said saloon was, of the bar and place in said room where said liquors were sold and kept for sale, were not removed. But, on the contrary thereof, the said Andrew Smith and Joseph Hammerschmidt did then and there as aforesaid

obstruct the view from said sidewalk, street and alley in front and at the side of the building in which said bar and place where liquors were sold were, by not removing said curtains, screens, partitions and other things which then and there obstructed the view from the sidewalk, street and alley in front of and at the side of the building in which said saloon was then situated. * * * Contrary," etc.

Reversal is asked on several grounds. The important questions raised by assignments of error relate to the refusal of the court on the motion of respondents to quash the information, to the refusal to give a request to charge, and to certain portions of the charge of the court. The objection to the information is that, being in the language of the statute, it charges every offense enumerated in the section; that it contained no specific allegations of the kind and nature of the obstructions complained of. This question was before this court in the case of *People* v. *Kennedy*, 105 Mich. 75. The information in that case was in words precisely the same as in the case at bar. Justice MONTGOMERY, speaking for the court, said:

" It is very clear that the information charges that the curtains, screens, partitions, and other things that obstructed the view of the bar and place in said room where said liquors were sold and kept for sale were not removed. We think it is also clear that it sufficiently charges that the respondent was responsible for their not being removed, as he under the law, being keeper of the place, must have been."

Upon the question of the sufficiency of the information that case controls the case at bar.

Respondents' request to charge, which was refused, was as follows:

"If the jury find from the evidence in the case that the blinds, curtains, screens, partitions, and other things which would obstruct the view were so removed as to give a free, fair, and open view of the bar and places in the room where liquors were usually sold or kept for sale on the day in question, they must acquit the defendants."

The court, in his charge relative to the subject-matter of this request, said:

"One of these regulations is that they shall not open their saloon on Sunday, and that they shall open up that saloon so that the public and those that pass along the sidewalk and in the street shall have a free, fair, open view of the bar where the liquors are sold and the room of the saloon where the liquors are sold.   *   *   *

"As I say, reach a fair, honest verdict, and the test is whether these parties had removed these screens. The law requires that they be removed entirely; but our courts have held that, if they are so removed that a person could have a free, fair, open view as much as they could have if they were entirely removed as a person passes along the street or along the sidewalk, it is a compliance with the law, otherwise not. That is the test.   *   *   *

"It is for you to say whether on the 6th day of August last these defendants removed their screens and partitions so that the public when they were passing along this sidewalk or passing along the street would have a free, fair, open view of that saloon and the place where the liquors were sold, as they would have if every screen within that building had been removed, every screen and every obstruction had been removed.   *   *   *

"That is the point we are trying to try. As I say, there is no strained construction. Nobody will find fault with you, gentlemen, in exercising your judgment on the evidence that is given you here in court, controlled by the law as given you in court.   *   *   *

"The question is the facts, whether they removed those screens as the law contemplates. If they did so, they are justified. They are in a legitimate business. If they did not, they are guilty."

The court further charged (to which charge no exception is taken):

"You have heard the facts, and it is for you to say whether by having this small place here 20 inches wide, and as long as the evidence shows it to be, is such an opening as the law requires, and the screens have been removed as they ought to be removed."

We think the charge of the court covered the request. The attention of the jury was directed to the fact that the law required an unobstructed view of the bar where the liquors were sold and such part of the saloon or room

where the liquors were sold. This we think is a fair interpretation of the charge. *People* v. *Locy,* 124 Mich. 180.

Another portion of the charge, which relates to the duties of jurors, in criminal cases, to find according to the evidence and to follow the instructions of the court as to the law of the case, is alleged as erroneous. The court, in denying the motion for a new trial, which, among other things, claimed that this portion of the charge was erroneous, gives his reasons for instructing the jury upon this matter, as follows:

"The language complained of was justified by the argument of counsel for respondents to the jury in which the claim had been made that the jury was not bound to find a verdict in accordance with their view of the evidence and of the law; but that, if they saw fit, they were justified in rendering a verdict in defiance of the evidence and the law."

The part of the charge objected to is as follows:

"Now in this case, gentlemen, in the heat of argument you have been told, in substance, that you are not required to render a verdict in conflict with your consciences, notwithstanding the law or the facts in the case. That is not the rule, gentlemen; that is not the law. It has never been the law, and if you, gentlemen, should take that course, and it should become known, you would be liable to prosecution for perjury. Every one of you that renders a verdict upon that basis would be guilty of the crime of perjury, because of the fact that you did not follow your oaths. I say that it is not the rule at all. You, gentlemen, have sworn that you would decide this case upon the evidence given you here from the witness stand and upon the laws of this State. Now you haven't any right to say that this law ought not to be enforced. We may not all agree with the rule that it should be strictly adhered to, we may not all feel that way; but the law is on the statute book, and it is not for you, nor is it not for the court, to say as to whether that law should be enforced. (And if a juror cannot render a verdict for the enforcement of a law of that kind he ought to say so when he is selected as a juror, so that he will not be re-

quired to violate his oath, because, as I say, you haven't any right to say I will render a verdict, notwithstanding the fact that the evidence shows one thing and the law may be one way, my judgment is the other.) You haven't any right to do that, and if you do that you are guilty of the crime of perjury, and I am surprised, and I can only say that it is because of the heat of the argument probably that such a statement was submitted to you, gentlemen. That is not the rule, and you ought not to follow. It is true that you are not to give any strained construction to this statute. You are not to give any strained construction to the evidence."

It is the duty of the jury to follow the instructions of the court as given upon the law in criminal cases. *Hamilton* v. *People,* 29 Mich. 175; *People* v. *Mortimer,* 48 Mich. 37; *People* v. *Gardner,* 143 Mich. 104. We think that the remarks of the court were justified. There was nothing in the nature of coercion or threat of prosecution of the jurors, but it was a warranted and true statement of the duties of jurors and a reminder of the obligation of their oaths. · In his treatment of the counsel who used this argument the trial judge was remarkably considerate. The claims advanced by counsel were unwarranted, and to carry out his contentions would be subversive of the administration of justice.

From an examination of the record we find upon the admission or exclusion of evidence no error committed in the ruling of the court to which our attention is called.

The conviction is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.